Jack R. CAHALL, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–1082.

United States Court of Veterans Appeals.

Submitted June 12, 1991.

Decided July 26, 1991.

As Amended July 29, 1991.

Brenda W. Waltzer, New Orleans, La., was on the pleadings, for appellant.

Raoul L. Carroll, General Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Michael P. Butler, Washington, D.C., were on the brief, for appellee.

Before FARLEY, Associate Judge.

## MEMORANDUM DECISION

FARLEY, Associate Judge:

Appellant, Jack R. Cahall, appeals from the June 15, 1990, Board of Veterans' Appeals' (Board) decision which affirmed the denial by the Regional Office (RO) for entitlement to service connection for residuals of a back and leg injury. A timely appeal to this Court followed. Following the filing of appellant's brief, the Secretary filed a Motion for Summary Affirmance, for Acceptance of the Motion in Lieu of a Brief, and for a Stay of Proceedings Pending a Ruling on this Motion. The Secretary seeks summary affirmance arguing that the Board's decision is supported by the evidence of record. Appellant did not respond.

Appellant served in the Air Force from October 1948 to August 1952. Following his discharge from the Air Force, appellant enlisted in the Army National Guard from October 1959 to September 1962 with two weeks active duty for training during February and August 1960, July 1961, and June and July 1962. Jack R. Cahall, BVA 90–19892, at 2 (June 16, 1990). Appellant seeks service connection for the residuals of a left leg injury and a back injury which he contends he suffered while on active duty. Little to none of the clinical record exists from the time periods of appellant's active duty. "Further, the available clinical record, does not establish the incurrence of injuries to the veteran's back or left ankle during a period of active duty for training or inactive duty training." *Cahall*, BVA 90–19892, at 3.

To compensate for the unavailability of clinical records, appellant provided the RO and the Board contemporaneous newspaper clippings, back issues of his company newsletter, and buddy letters in an effort to establish that during active duty and active duty for training he injured his left ankle and back. During active duty, appellant, assigned to flight duty as an aircraft mechanic, claims that he injured his back in a landing accident. R. at 27 (document with heading of "Special Orders 229, 11 Oct 51 Cont'd" has a handwritten notation "A/C Accident"); R. at 135–37 (personal statement of veteran). Appellant contends that an additional injury to his back occurred in July 1962 during a parachute jump. R. at 91 (clipping from the Times Picayune, New Orleans, July 1962); R. at 125–26 ("buddy letter" from Henry J. Cook, III). In February 1960, while on active duty for training, which included airborne training, when jumping off 34 foot towers appellant claims he injured his back. R. at 138 (personal statement of veteran); R. at 141 ("buddy letter" of Henry J. Cook, III). Appellant also claims to have suffered an injury to his ankle while on active duty for training in 1961. R. at 85, 87, 89 (excerpts from company newsletter including a picture of appellant in hospital bed); R. at 124 (statement of veteran).

In rejecting appellant's claim, the Board ruled that nonclinical evidence is "insufficient to establish injuries in service resulting in chronic residual disabilities when they are not documented in contemporaneous clinical records." *Cahall*, BVA 90–19892 at 5. However, the ruling is contrary to the express language of 38 C.F.R. § 3.307(b) (1990) which provides that in order to prove injury in service, "[t]he factual basis may be established by medical evidence, competent lay evidence, or both." 38 C.F.R. § 3.307(b). The conclusion by the Board that lay evidence alone is insufficient to establish injury in service is not in accordance with the law; the Board's deci-

sion must be reversed and the matter remanded to permit the Board to readjudicate the case under the appropriate legal standard. 38 U.S.C. §§ 7261(a)(3)(A) (formerly § 4061), 7252 (formerly § 4052). Moreover, summary disposition is appropriate when, as here, the issue is of relative simplicity and the outcome is not reasonably debatable. *Frankel v. Derwinski*, 1 Vet. App. 23 (1990). Therefore, it is

ORDERED that the Secretary's motion for summary affirmance is denied; it is further

ORDERED that the Secretary's motion is accepted in lieu of a brief on the merits; it is further

ORDERED that the Board's decision of June 16, 1990, is REVERSED and the matter is REMANDED pursuant to 38 U.S.C. § 7252 (formerly § 4052) for further proceedings consistent with this decision.